## JURISDICTION OVER PROPERTY NECESSARY IN GARNISHMENT.

Circuit Court for Stark County.

AMERICAN SHEET & TIN PLATE COMPANY v. J. C. LEWIS.

Decided, February Term, 1911.

*Attachment and Garnishment—Domicile of Garnishee Does Not Give an Ohio Court Jurisdiction Over a Debt Owed by the Garnishee in Another State—Possession Within the State Essential.*

A valid and binding order of garnishment can not be made against a defendant upon a debt which he owes in another state.

*Amerman & Quinn,* for plaintiff in error.
*J. A. Bowman,* contra.

POWELL, J.; VOORHEES, J., and SHIELDS, J., concur.

This is a petition in error from the judgment of the court of common pleas, wherein judgment was rendered by that court against plaintiff in error in favor of defendant in error.

The original case was before a justice of the peace, and was brought by J. C. Lewis, the defendant in error, to recover against the plaintiff in error as garnishee in a certain action in which J. C. Lewis was plaintiff, and one John Laughley was defendant.

This order was made and entered by a justice of the peace also. The assignments of error in this case are the general assignments, that the judgment is against the law and the evidence; that the court erred in overruling the motion of plaintiff in error for new trial, and that the judgment was given in favor of defendant when it should have been given for plaintiff in error.

The question raised and presented for adjudication here, is the question whether or not a valid and binding order can be made in an attachment proceeding against a garnishee when the answer of the garnishee discloses that the property sought to be attached—in this case a debt due—was situated in another state than the state of Ohio, or beyond the territorial jurisdiction of the court making such order.

It appears that the plaintiff in error is a foreign corporation, incorporated under the laws of Pennsylvania with its principal office in the city of Pittsburgh, but with branch offices at Chester, West Virginia, and at Canton, Ohio.

J. C. Lewis became the owner of the claim against John Laughley, at Chester, West Virginia, both men residing at that place at that time. The petition and the agreed statement of facts disclose the facts as I now state them. Lewis left West Virginia and came to Canton, Ohio, and brought suit against Laughley before a justice of the peace, and by proper proceedings had an order of attachment issued against the American Sheet & Tin Plate Company, which answered that it was indebted to Laughley for wages in the sum of $11.85, and $4 costs of suit, and an order was made against the plaintiff in error, the American Sheet & Tin Plate Company, that it pay this amount of money to the plaintiff in that case, J. C. Lewis.

The garnishee refused to make the payment as ordered; and it is well settled in Ohio that an order against a garnishee is invalid as a judgment because he has not had his day in court; but upon that order suit may be brought, and that is the case here. Suit was brought then by said J. C. Lewis against the American Sheet & Tin Plate Company on the order as above mentioned. The evidence discloses that this debt still exists; this plaintiff in error still has money in its hands due to the said Laughley; his contract was made with the plaintiff in error in West Virginia, and the debt is due in West Virginia.

Can any of the courts of Ohio make a valid order against a garnishee in such circumstances? Now we think not if it is property that is sought to be reached, and that is so determined by 62 O. S., at page 543. The court there says:

"Our statutes regulating attachment and garnishment (Section 5522, R. S.), do not give to courts issuing such process jurisdiction over property of the defendant situated wholly beyond the borders of the state, nor power to require a garnishee having property of the defendant in his possession without the state to surrender the same into the custody of the court, and an order on the garnishee requiring such act is without legal effect."

The court in its opinion on page 560, quoted from the 8th American & English Encyclopedia of Law, as follows:

"To charge a garnishee for property of defendant, it is absolutely essential that at the time of service of process he should have it in his possession and within the state."

.And the court further says, quoting from the same authority at page 1255, "The domicile of the garnishee does not give the courts of the state jurisdiction over the debt he owes to a party in another state, and is not sufficient to sustain an action *in rem*" (and that is what an action in attachment always is). "This is not determined by his domicile, but by the situs of the property which he holds."

We find also in 8 N. P. a case cited, by the Superior Court of Cincinnati, the following, to be found on page 350:

"A person can not be subjected to garnishment by the statutes of the state in which he may be, differing from that of his domicile, unless he has property of the debtor in his possession or owes a debt payable in such state."

Second.    The domicile of the creditor is the situs of the debt.

Third.    A debt due and payable outside of the state that is due from one non-resident corporation to another non-resident corporation, is not subject to process of attachment and garnishment issued by the courts of such state of which they are not residents.

Now we think that applies to this case.    Plaintiff in error is not a resident of the state of Ohio; the debt it owed is to a resident of West Virginia, although that is not exactly this case. because he is an individual and not a non-resident corporation, as in the case cited.

We think this plaintiff in error is not subject to garnishment in the court of Ohio for a debt it owes in West Virginia, and while the court below, we think, obtained jurisdiction over defendant Laughley by his entering appearance here, yet it did not obtain jurisdiction over the subject-matter, so as to make a valid and binding order upon the garnishee.

For this reason, the judgment of the court of common pleas is reversed and the cause remanded for further action in the court below. Exceptions noted.

---

## RIGHT OF SET-OFF NOT DEFEATED BY ASSIGNMENT OF JUDGMENT.